The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| In re:<br><br>ROBERT S. BLENDHEIM and DARLENE G. BLENDHEIM,<br><br>Debtors. | Lead Case No. 11-cv-02004-MJP<br>Case No. 11-CV-02006-MJP<br>Case No. 12-CV-00647-MJP<br>Case No. 12-CV-01255-MJP<br><br>**EMERGENCY MOTION** FOR STAY PENDING APPEAL<br><br>**Note on Motion Calendar:**<br>**June 4, 2013 (REQUESTED)** |
|---|---|

Pursuant to Fed. R. Bankr. P. 8017 and Local Civil Rules 7 and 88(c), HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1, through its servicing agent Ocwen Loan Servicing, LLC[1] ("Lender"), respectfully moves for a stay pending its appeal to the Ninth Circuit Court of Appeals of the following orders entered by United States Bankruptcy Court for the Western District of Washington that were affirmed by this Court: (1) Order Granting Plaintiffs' Renewed Motion for Summary Judgment for Lien Avoidance; (2) Order Confirming Chapter 13 Plan; and (3) Order in Aid of Implementation of Plan.

---

[1] Litton Loan Servicing LP transferred service of this loan to Ocwen Loan Serving, LLC. The owner of the loan remains the same.

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

## I. NATURE OF EMERGENCY

Lender is seeking a stay pending several orders issued by this Court that provide upon the Debtors' completion of their plan payments Lender's lien will be canceled. Lender commenced its appeal in the Ninth Circuit on April 26, 2013. In November of last year, the Debtors reported that they had eleven months left on their plan. *See* Docket No. 36, p. 3, lines 11-12. Lender therefore understood that the Debtors would complete their plan payments sometime in October of this year.

On May 8, Lender learned from the Office of the Chapter 13 Trustee that the Blendheims have at most three months of payments left on their plan and could complete their plan payments even sooner. As explained in the Underlying Motion, once the Blendheims complete their plan payments then they will be free to transfer their condo free of Lender's lien, which will cause Lender irreparable damage. These facts constitute exigent circumstances that warrant an emergency motion. Lender further notes that since a nearly identical stay motion was already presented to the Bankruptcy Court, the Blendheims have already researched and prepared for this Motion and will not be prejudiced by having this motion decided on an emergency basis.

**Lender therefore requests that the Court consider and decide this Motion on June 4, 2013, and Lender has noted the motion for consideration on that date.** Appellant relies upon the Declaration of Christopher M. Alston ("Alston Dec.") filed with this Motion for support of this emergency request. The office addresses and telephone numbers of all counsel are provided in the Certificate of Service attached to this Motion.

## II. BACKGROUND FACTS

A. <u>Bankruptcy Case Background</u>

This Court entered the Order Affirming Bankruptcy Court (Docket No. 41) which contains factual findings. Lender refers the Court to the Order for evidentiary support of the following background facts.

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

Several years ago, the Blendheims faced a foreclosure on their condominium on Beach Drive in West Seattle (the "Condo"). The Blendheims sought bankrupcy protection under Chapter 7 of the Bankruptcy Code in May 2007. They declared the Condo was subject to two liens: one securing a debt of $347,900 owed to Lender, and the other securing a debt of $90,474.02 owed to the holder of a loan serviced by HSBC Mortgage Services ("HSBC").[2] Shortly after the case was filed, Lender obtained relief from the automatic stay to pursue its remedies against the Condo. The day after receiving a discharge in their Chapter 7 case, the Blendheims sought protection under Chapter 13 of the Bankruptcy Code on January 15, 2009.

Lender filed a proof of claim in the Chapter 13 case. In October 2009, the Blendheims filed an objection to Lender's proof of claim. (Main Case Docket No. 44 at 1-4) Lender did not respond to the objection. On November 9, 2009, Blendheims submitted a declaration of no objection and the Bankruptcy Court entered an order disallowing the claim (the "Default Order").

The Blendheims subsequently commenced an adversary proceeding to void Lender's lien based upon the Default Order (the "Adversary Proceeding"). The Blendheims moved for summary judgment on their claim for lien avoidance. The Court declared it could not rule on the Blendheims' motion because the Default Order was not a final order. Lender then filed a motion to set aside the Default Order. On June 28, 2011, the Bankruptcy Court entered an order denying Lender's motion (the "Claim Disallowance Order") which confirmed the Default Order.

After entry of the Claim Disallowance Order, the Blendheims renewed their motion for summary judgment in the Adversary Proceeding. The Bankruptcy Court entered the Order Granting Plaintiffs' Renewed Motion for Summary Judgment on August 19, 2011 (the "Lien Avoidance Order"). The Lien Avoidance Order states that Lender's deed of trust will be void

---

[2] HSBC is the servicing agent for the owner of this second mortgage. HSBC is also the Indenture Trustee of Lender. HSBC's name thus appears, somewhat confusingly, in connection with both loans.

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51298876.1

"upon Debtors' completion of a Bankruptcy." Lender then appealed the Lien Avoidance Order, the Default Order, and the Claim Disallowance Order.

The Blendheims filed another amended plan on March 14, 2012 (the "Final Plan"). The Final Plan incorporates the Lien Avoidance Order and provides upon "Plan Completion" Lender's lien will be void and cancelled. The Final Plan also provides that HSBC's lien will no longer be stripped upon plan completion. While HSBC's lien remains on the Condo, HSBC receives no payments under this plan.

After a hearing on confirmation and on Lender's motion to dismiss, a text order was entered confirming the Final Plan on April 13, 2012 (the "<u>Plan Confirmation Order</u>"). Subsequently the Blendheims sought an order to supplement the Plan Confirmation Order, and the Bankruptcy Court eventually entered such an order on July 18, 2012 (the "<u>Implementation Order</u>"). The Implementation Order a) denies Lender's motion to dismiss, b) states Lender's lien will be void and cancelled upon plan completion, and c) modifies the order voiding HSBC's lien and reinstates HSBC's lien to extent allowable under non-Bankruptcy law to ensure the strip-off of this lien is not completed. Lender timely appealed these two orders.

B.  **This Court Denies Motion to Dismiss the Appeals But Affirms the Bankruptcy Court Orders.**

In November 2012, the Blendheims filed a motion in the District Court to dismiss Lender's appeals as moot because Lender did not obtain a stay of the Plan Confirmation Order. Lender pointed out the Condo has not been sold and Lender's lien has not yet been voided, so the lien remains on the Condo until the Blendheims complete their plan. This Court denied the motion, noting that no assets have been sold to third parties, no transactions occurred that are intricate or difficult to unwind, and there were no changed circumstances that would render it inequitable to consider Lender's appeal. (Docket No. 36.)

On March 29, 2013, this Court entered a judgment in favor of Blendheims stating the Bankruptcy Court did not err in its rulings and affirming all of this Court's orders in their

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

entirety. The Court also entered an Order Affirming Bankruptcy Court which provided an explanation for the judgment. Lender timely appealed both the judgment and the order to the Ninth Circuit Court of Appeals.

C. **The Blendheims Will Soon Complete Their Plan and Void Lender's Lien.**

As of June 4, the Blendheims will have about two months left under their Plan, and could complete their plan even sooner if they step up their payments. Pursuant to the Lien Avoidance Order, the Plan Confirmation Order and the Implementation Order, Lender's lien will be voided when the Blendheims complete their plan. At that time the Blendheims will be able to sell or transfer their Condo to third parties free of Lender's lien, or convey secured liens on the Condo to third parties. Lender will permanently lose its interest in the Condo even if it prevails on appeal.

D. **The Bankruptcy Court Concludes this Court Must Decide Lender's Stay Motion.**

Pursuant to Fed. R. Bankr. P. 8005, Lender filed a motion for a stay pending appeal with the Bankruptcy Court. The Bankruptcy Rules are not entirely clear as to whether such a motion should be filed first in the Bankruptcy Court or, because an appeal is pending the Circuit Court, in this Court. Desiring to avoid denial of a stay motion by this Court solely on the basis that Lender did not first make the request to the Bankruptcy Court, Lender filed the motion with the Bankruptcy Court. On May 23, the Bankruptcy Court issued an order denying the stay motion on the basis that Fed R. Bankr. P. 8017 rather than 8005 applies and therefore any stay motion must be decided by this Court rather than Bankruptcy Court. See Alston Dec, Exhibit A.

III.  ARGUMENT

A. **This Court has Authority to Enter a Stay.**

The Ninth Circuit Court of Appeals explained the general rule that a notice of appeal divests the lower court of jurisdiction is a "judge-made" rule and is not absolute, and that the Federal Rules allow a district court to suspend, modify, restore, or grant an injunction during the

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

pendency of the appeal to the Circuit Court. *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

**B.    Grounds Exist to Enter a Stay Pending Appeal.**

The factors to consider for a stay pending appeal are (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426, 129 S.Ct. 1749 (2009), citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113 (1987).

Analyzing the Supreme Court's decision, the Ninth Circuit Court of Appeals recently concluded the "balancing approach" employed by courts in this jurisdiction remains in place after *Nken* but is slightly modified. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). After *Nken*, a party seeking a stay in the Ninth Circuit must show that irreparable harm is probable and either (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay, or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor. 640 F.3d at 970.

**1.    Likelihood of Succeeding on the Merits.**

In *Leiva-Perez*, the Ninth Circuit Court of Appeals clarified the movant need not show that ultimate success is probable. 640 F.3d at 966. While there are many ways to articulate the minimum quantum of likely success necessary to justify a stay, none demand a showing that success is more likely than not. *Id.* at 967-68. In order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits. *Id.* at 968.
Lender recognizes this Court has already ruled in favor of the Blendheims and affirmed the Bankruptcy Court's orders. Nonetheless, Lender believes it meets the requirement because it has a substantial case for relief on the merits.

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

Initially, it is important to note the Ninth Circuit's review of the Chapter 20 lien strip issue is *de novo*. *In re LPM Corp.*, 300 F.3d 1134, 1136 (9th Cir. 2002) (bankruptcy court's interpretation of the Bankruptcy Code reviewed *de novo*). With respect to the Lien Avoidance Order, which was entered on a summary judgment motion, that order will be reviewed *de novo*. *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). Whether adequate notice has been given for purposes of due process is a mixed question of law and fact reviewed *de novo*. *In re Brawders*, 503 F.3d 856, 866 (9th Cir. 2007).

### a. Because the Blendheims Are Not Eligible for a Discharge They May Not Permanently Void Lender's Lien.

The Blendheims are not eligible for a discharge because they received a discharge in a Chapter 7 case filed less than four years before the order for relief in their Chapter 13 case. 11 U.S.C. § 1328(f)(1). Lender maintains that the Bankruptcy Code prohibits the Blendheims from permanently voiding Lender's lien by merely completing a plan without obtaining a discharge.

In its prior brief, Lender examined *In re Victorio*, 454 B.R. 759, 778 (Bankr. S.D. Cal. 2011), *aff'd*, *Victorio v. Billingslea*, 2012 WL 628310 (S.D. Cal. February 24, 2012). *Victorio* observed Congress knew how to make the avoidance of liens "permanent" if it wanted that result, but it chose not to do so with liens avoided under § 506(d). 454 B.R. at 776. For example, liens avoided under § 522(f) are not reinstated on dismissal, nor set aside on conversion. *Id*. The *Victorio* court also noted the 2005 amendments to the Bankruptcy Code were obviously intended to restrict, not expand, the rights of debtors. *Id*. at 779. Section 306 of the BAPCPA amendments, which added subsection (i)(I) to Section 1325(a)(5)(B), was entitled "Giving Secured Creditors Fair Treatment in Chapter 13." Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23, 80. The legislative history of this section demonstrates that Congress included these additions "to require—as a condition of confirmation—that a chapter 13 plan provide that a secured creditor retain its statutory lien until

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51298876.1

the earlier of when the underlying debt is paid or the debtor receives a discharge." H.R.Rep. No. 109–31, pt. 1 at 71–72 (2005).

Furthermore, if debtors are allowed to strip off liens in Chapter 20 cases, then secured creditors receive worse treatment than unsecured creditors. When a Chapter 20 debtor completes his or her Chapter 13 plan, the debtor's status with creditors is returned to the *status quo ante.* Any remaining unsecured debt is not eliminated by the discharge and those creditors may pursue their debtor. *Victorio*, 454 B.R. at 779. But if the same debtor is allowed to permanently strip liens upon plan completion, then creditors with security interests in real property are not returned to the *status quo ante* and may not pursue *in rem* claims at the conclusion of the case. One bankruptcy judge declared that such a result "turns on its head" the basic bankruptcy principle that secured creditors are treated more favorably than unsecured creditors. *In re Davis*, --- F.3d ----, 2013 WL 1926407 (4th Cir. 2013). (Keenan, J., dissenting).

Lender acknowledges this Court already rejected Lender's arguments. Nonetheless, Lender believes is has a stated a substantial case on the merits on this issue.

### b. The Blendheims Filed Their Case in Bad Faith.

When the Blendheims commenced this Chapter 13 case, their Chapter 7 case was still open. And in that Chapter 7 case, the automatic stay was lifted to allow Lender to foreclose its lien on the Condo. The Blendheims filed a new case solely to re-impose the automatic stay and thwart Lender's foreclosure. Courts uniformly find that "simultaneous Chapter 20" cases commenced after the bankruptcy court granted stay relief in the first Chapter 7 case constitute bad faith filings. These courts find the second and simultaneous filings "abusive" of the Code and quickly dismiss these cases.[3] The Blendheims improperly filed a second and simultaneous

---

[3] These cases include *In re Barnes*, 231 B.R. 482, 485 (E.D.N.Y. 1999); *In re Turner*, 207 B.R. 373, 379 (B.A.P. 2nd Cir. 1997); *In re Pingleton*, 2003 WL 21976028, at *2 (Bankr. C.D. Ill. 2003); *In re Lord*, 295 B.R. 16, 17, 20 (Bankr. E.D.N.Y. 2003); *In re Brown*, 399 B.R. 162, 170 (Bankr. W.D. Va. 2009); *In re Scruggs*, 320 B.R. 94, 95-97 (Bankr. D.S.C. 2004); *In re Humbreto*, 2000 WL 760696 (Bankr. E.D. Pa. 2000) (filing a second case while another case open to invoke a new automatic stay is a "procedural gambit" that had not been allowed in any of

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

case, and the Blendheims could not remedy the bad faith with any plan. Lender submits there is a reasonable probability that Ninth Circuit will agree that the second case was filed in bad faith and the Final Plan should not have been confirmed.

### c. Lender Was Denied Due Process.

The Bankruptcy Rules mandate that any action determining the "validity, priority or extent of a lien…" be brought by commencing an adversary proceeding. Fed. R. Bankr. P. 7001(2). This requirement ensures that the creditor is "specifically put on notice that the validity of its lien is at issue…." *In re Brawders*, 503 F.3d 856, 871 (9th Cir. 2007). The Blendheims made no mention of lien avoidance in their objection to Lender's claim, obtained the Default Order by a motion, and that order was the sole basis for voiding Lender's lien. While the lien was technically voided in the Adversary Proceeding, it was *substantively* voided by the Default Order. In sum, this Bankruptcy Court's interpretation of the Bankruptcy Rules meant the avoidance of Lender's lien was a *fait accompli* upon entry of the Default Order. Lender believes it has stated a substantial case for the merits on this issue.

### 2. Irreparable Harm.

A creditor should be granted a stay of a Chapter 13 plan confirmation order pending appeal if some action will be taken during the appeal process that would cause the creditor irreparable harm. *See, e.g., In re Moreau*, 135 B.R. 209, 214-15 (N.D.N.Y. 1992) (stay pending appeal granted because, absent a stay, the debtors would go forward with their refinancing plan, and the secured creditor would be forced to accept satisfaction of the debt at a loss of $21,516.92).

In this case, Lender will be irreparably harmed if the Court does not prevent the Blendheims from transferring any interests in the Condo until Lender has completed its appeal. Once they complete their plan payments in the next few months, Lender's lien will be voided by

---

the reported cases and "cannot be tolerated in any circumstances."); *In re Hodurski*, 156 B.R. 353, 357 (Bankr. D. Mass. 1993); *In re Standfield*, 152 B.R. 528, 539 (Bankr. N.D. Ill. 1993); *In re Martin*, 97 B.R. 1013, 1016-17 (Bankr. N.D. Ga. 1989).

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51298876.1

operation of the orders entered by the Court. The Blendheims will be able to convey an interest in their property to a third party free of Lender's lien and Lender will suffer a permanent loss. If the Blendheims sell the Condo, Lender could never have its lien reinstated even if it prevails on appeal. Further, if the Blendheims keep their home but convey a lien to another lender, then Lender's lien would be junior to this new lien regardless if the appeal is successful. Lender needs the stay to prevent such irreparable loss.

3. **Whether a Stay Will Substantially Injure Other Interested Parties.**

In this case, a stay would preserve the status quo and cause no substantial harm any other parties. A stay of the Plan Confirmation Order will not have an impact on the payments to the Association and to the Blendheims' counsel. Lender has provided evidence to this Court previously showing that the Blendheims are obligated to pay the Condo Association and their counsel pursuant to other court orders, so staying the plan will not prevent payments to these entities. See Lender's Opposition to Appellees' Motion to Dismiss (Docket No. 32) and the evidence cited therein at 2:15 – 3:14 and 8:9-17. (While the stay will not prevent payments to these two creditors, the stay will prevent completion of the plan, e.g., the Chapter 13 Trustee will not close the case and Lender's lien will not be voided.)

There will be no harm to the Blendheims if any of their plans to transfer or encumber the Condo are delayed a short period of time. Lender's lien has been on the Condo for years. And the Blendheims have not paid anything to either Lender or HSBC for years. A stay may delay their ability to transfer an interest in the Condo, but they will continue to live there essentially rent-free, paying only the monthly Association dues. *See Moreau*, 135 B.R. 209 (since debtors continued to enjoy protection from creditors, the Debtors would not suffer any hardship by a delay in the completion of their plan). The Blendheims will not suffer any substantial injury.

4. **Serious Legal Questions Affecting the Public Interest.**

There is a split of authority among the lower courts within the Ninth Circuit on whether a Chapter 13 debtor who is ineligible for a discharge may still propose a plan to permanently strip

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

a wholly unsecured lien from the debtor's residence. Lender discussed two of these opposing decisions, *Victorio* and *Okosisi* in its appellate brief. This split remains, as some courts hold Chapter 13 debtors who are ineligible for a discharge may not permanently strip off liens,[4] while other courts allow Chapter 13 debtors to permanently strip liens without a discharge.[5] The Fourth Circuit Court of Appeals recently issued the very first opinion from a circuit court on this issue. *See In re Davis*, --F.3d--, 2013 WL 1926407 (4th Cir. 2013). And while the case held Chapter 20 lien strips are permissible, it was split decision--the Honorable Barbara Milano Keen wrote a firm and cogent dissent, further demonstrating that there is no consensus yet on this important issue. Given the *Davis* dissent and the varying opinions in this circuit, Lender has established a serious question affecting the public interest.

C. **Any Bond Should Be Addressed to the Blendheims' Potential Damages.**

The posting of a bond is discretionary and is not a prerequisite to obtain a stay pending appeal under Bankruptcy Rule 8005. *In re Suprema Specialties, Inc.*, 330 B.R. 93, 96 (S.D.N.Y. 2005). The requirement of posting a supersedeas bond serves three purposes: it allows an appellant to pursue an appeal without first satisfying the judgment, it protects an appellee's rights and ability to collect the judgment, and it guarantees the costs of delay incident to the appeal. *Id.* [citations omitted].

If the Court is inclined to condition the stay on the posting of a bond, the amount of the bond should be based on the value of the condo less the current lien of HSBC (which was not stripped), plus interest on that value pending the appeal. According to their motion to strip off

---

[4] *In re Lilly*, 378 B.R. 232, 236 (Bankr. C.D. Ill. 2007); *In re Casey*, 428 B.R. 519, 523 (Bankr. S.D. Cal. 2010); *In re Jazo*, 2010 WL 3947303, at *2 (Bankr. S.D. Cal. Sept. 28, 2010); *In re Collins*, WL 5173840, at *2 (Bankr. D. Or. Dec. 15, 2010).
[5] *In re Crone*, 2012 WL 6212856, at *1 (Bankr. N.D. Cal. Dec. 13, 2012; *In re Tran*, 431 B.R. 230, 235 (Bankr. N.D. Cal. 2010), *aff'd*, 814 F. Supp. 2d 946 (N.D. Cal. 2011); *In re Hill*, 440 B.R. 176, 182 (Bankr. S.D. Cal. 2010); *In re North*, 2012 WL 4919788, *3 (Bankr. N.D. Cal. Oct. 15, 2012); *In re Frazier*, 448 B.R. 803, 807 (Bankr. E.D. Cal. 2011), *aff'd, Frazier v. Real Time Resolutions, Inc.*, 469 B.R. 889, 895 (E.D. Cal. 2012); *Hart v. San Diego Credit Union*, 449 B.R. 783, 792 (S.D. Cal. 2010); *In re Grignon*, 2010 WL 5067440, at *4 (Bankr. D. Or. Dec. 7, 2010); *In re Pecho*, 2012 WL 5180341, *3 (Bankr. N.D. Cal. Oct. 18, 2012); *In re Vo*, 2012 WL 5180701, at *2 (Bankr. N.D. Cal. Oct. 18, 2012).

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51298876.1

HSBC's lien, their condo was worth $328,000. (AR 40) The amount HSBC's lien was, as of November 2009, $90,474. (*Id.*) Under the terms of HSBC's loan documents, the obligation has been accruing interest at 11.35%, which amounts to approximately $10,215 per year (or $851.25 per month) on a balance of $90,000. By July 1, the amount secured by HSBC's lien will be approximately $127,455. Assuming a sale at $350,000, less standard costs of sale of 8%, less the amount that would be paid to HSBC, the Blendheims would net approximately $195,000. The current federal judgment interest rate is 0.13%. Using a 1% interest rate, the additional amount to include in the bond to cover the loss of the use of those funds is over the next 18 months would be about $3,000. Any bond should not include an dditional amount for attorneys' fees (which this Court denied the Blendheims) or any other unjustified costs. In short, any bond should not exceed $200,000.

WHEREFORE, for the reasons stated above, Lender requests that the Court grant this Motion and enter an order that stays the Lien Avoidance Order, the Plan Confirmation Order, and the Implementation Order pending completion of Lender's appeal to the Ninth Circuit.

DATED this 24th day of May, 2013.

FOSTER PEPPER PLLC

*s/ Christopher M. Alston*
Christopher M. Alston, WSBA #18823
Attorneys for Appellant

**EMERGENCY MOTION** FOR STAY
PENDING APPEAL – 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51298876.1

# DECLARATION OF SERVICE

I, Becky Rogers, certify under penalty of perjury that a true and correct copy of the foregoing Emergency Motion for Stay Pending Appeal was sent to the parties listed below as indicated on the 24th day of May, 2013, to the addresses listed as follows:

| | |
|---|---|
| Taryn M. Darling Hill<br>Impact Law Group<br>719 2nd Ave., Ste. 700<br>Seattle, WA 98104<br>(206) 734-3757<br>taryn@impactlawgroup.com<br>Attorneys for Appellees Robert S.<br>and Darlene G. Blendheim<br>**Via ECF as Participant in the**<br>**Electronic Court Filing Notice List** | Charles E. Katz<br>Michelle R. Riel<br>Jennifer Aspaas<br>Mark Moburg<br>Routh Crabtree Olsen, P.S.<br>13555 S.E. 36th St., Ste. 300<br>Bellevue, WA 98006<br>(425) 458-2121<br>ckatz@rcolegal.com<br>ecf@rcolegal.com<br>Attorneys for Appellant Litton<br>**Via ECF as Participant in the**<br>**Electronic Court Filing Notice List** |
| K. Michael Fitzgerald<br>Jason Wilson-Aguilar<br>Office of Chapter 13 Trustee<br>600 University St Ste 2200<br>Seattle, WA 98101-4152<br>(206) 624-5124<br>mfitz@seattlech13.com<br>jwilson.aguilar@seattlech13.com<br>Attorneys for Chapter 13 Trustee<br>**Via ECF as Participant in the**<br>**Electronic Court Filing Notice List** | Antoinette M. Davis<br>Davis Khan PLLC<br>600 1st Ave., Ste. 307<br>Seattle, WA 98104<br>(206) 324-3547<br>tonie@daviskhan.com<br>Attorneys for Appellees Robert S.<br>and Darlene G. Blendheim<br>**Via ECF as Participant in the**<br>**Electronic Court Filing Notice List** |

/s/ Becky Rogers
Becky Rogers

EMERGENCY MOTION FOR STAY
PENDING APPEAL – 13

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

51298876.1