The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

ROBERT S. BLENDHEIM and
DARLENE G. BLENDHEIM,

Debtors.

LEAD CASE NO. 11-cv-02004-MJP
Case No. 11-cv-2006-MJP
Case No. 12-cv-0647-MJP
Case No. 12-cv-1255-MJP

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING LENDER TO FILE BOND OR OTHER SECURITY

NOTE ON MOTION CALENDAR:
June 14, 2013

Debtors Darlene and Robert Blendheim ("the Blendheims"), by and through counsel, Taryn M. Darling Hill and Impact Law Group PLLC, offer this response to Lender's motion for stay pending appeal. The Blendheims have set forth rationale to support their objection that the Lender should not be entitled to a stay, however, if the Court finds that a stay is appropriate, the Blendheims respectfully request that Lender be required to post a substantial bond to defray costs on appeal and delay-related losses to the Blendheims.

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 1

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

## II. ARGUMENT

**A. Lender Fails to Establish That Grounds Exist to Enter a Stay.**

A party has no right to a stay; rather, the decision is committed to the Court's discretion and the moving party bears the burden of showing that a stay is warranted. *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1757, 173 L. Ed. 2d 550 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken,* 556 U.S. at 433-34 (citations omitted). The Court considers four factors before granting a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Leiva-Perez v. Holder,* 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken,* 556 U.S. at 434)). As a preliminary matter, it warrants mentioning that the Bankruptcy Court, in concluding that it did not have jurisdiction to modify this Court's Order Affirming the Bankruptcy Court, also declined to utilize its discretion to maintain the status quo.

1. <u>The Likelihood of Lender Succeeding on the Merits</u>.

While the "likely to succeed on the merits" factor "does not require the moving party to show that [its] ultimate success is probable," at the very least, Lender must show that its "chance of success on the merits [is] better than negligible" in order to satisfy the factor. *See, e.g., Leiva-Perez*, 640 F.3d at 697-98 (quoting *Nken,* 556 U.S. at 434). "Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits. *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011)." Lender falls short on this critical factor.

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 2

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

The Bankruptcy Court has already ruled in the Blendheims favor. The Western District of Washington then affirmed the Bankruptcy Court's decision on all issues. Dockt. No. 41 (Order Affirming Bankruptcy Court).

Furthermore, this Court held that it lacked jurisdiction to review two (2) of the five (5) orders entered by this Court (the November 18, 2009 order disallowing Lender's claim, and its June 28, 2011 order denying Lender's motion to vacate that order) because Lender's notice of appeal of those orders was not timely filed. Dockt. No. 41(Order Affirming Bankruptcy Court), pp. 5 -7. (Including this Court's analysis that motion for reconsideration was denied "because Lender provided no substantive basis for any alternate decision.") There are no grounds for overturning the District Court's ruling on that straight-forward jurisdictional issue. Therefore, as it relates to those two orders, Lender's chance of success is certainly less than negligible.

Lender's timely appeal on the remaining orders (order confirming Blendheims' Chapter 13 Plan and order denying Lender's motion to dismiss Blendheims' Chapter 13 case) were subject to review only where clearly erroneous. Dockt. No. 41, p. 11. Lender's appeal of those orders does not satisfy the "likely to succeed on the merits" factor either, particularly given that one reviewing court has already affirmed. In support of its position, Lender merely makes the same arguments that were previously rejected by both courts.

In consideration of judicial economy, the Blendheims will not reiterate their counterarguments here, but those arguments are incorporated herein by reference. It suffices to say that the Blendheims reject Lender's argument that its "chance of success on the merits [is] better than negligible" with regard to the same arguments it has lost on twice now being made to the Ninth Circuit.

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 3

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

Lender ostensibly seeks review of the availability of lien stripping in a Chapter 20 on the basis that the 9th Circuit Court of Appeals has not yet held that Debtors in a Chapter 20 are entitled to avoid a lien upon a Chapter 13 Plan completion. Lender cannot establish that its success on the merits is better than negligible where the emerging majority, including cases within the 9th Circuit, have found that this is permissible and is not prohibited by law or by the code. *See* Dockt. 41, Order Affirming Bankruptcy Court, pp. 8 -10.

Lender's establishment of this factor is particularly weak where just this past month the only circuit to have ruled on the issue concurred with the emerging consensus that a lien strip in a Chapter 20 is permissible. *In re Davis*, 2013 U.S. App. LEXIS 9535 (4th Cir. Md. May 10, 2013).

For the foregoing reasons, Lender cannot establish that it is "likely to succeed on the merits." Accordingly, its request for a stay pending appeal should be denied by the Court.

2. <u>Irreparable Harm</u>.

In addition to fulfilling the first factor, the Lender must establish more than a possibility exists that it will suffer irreparable harm if a stay is not granted. *See, e.g., Leiva-Perez*, 640 F.3d at 697-98 (recognizing rejection of the possibility standard and requiring more). *See also, Fireman's Fund Ins. Co. v. Plant Insulation Co. (In re Plant Insulation Co.)*, 485 B.R. 203 (N.D. Cal. 2012)(holding that likelihood of success on the merits was satisfied, but that stay is denied because appellants have only shown that irreparable injury is possible.). Lender argues that it would be "irreparably harmed if the Court does not prevent the Blendheims from transferring any interests in the Condo until Lender has completed its appeal." Lender's Motion for Stay, at p. 9, ll. 22-23. Lender does not explain how it is more

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 4

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

than a mere possibility that it will be irreparably harmed. Lender essentially seeks a stay to prevent its appeal from becoming moot.

> In the bankruptcy context, courts within the Ninth Circuit have held that "the risk that an appeal may become moot does not by itself constitute irreparable injury. Even if the risk of mootness could constitute irreparable injury, appellants have not shown that such risk is likely, but rather merely speculative. The Ninth Circuit recently held in *In re Thorpe Insulation Co.*, 677 F.3d 869 (2012), that the consummation of the plan of reorganization had not mooted the appeal before it. In light of this holding, even if the plan has been substantially performed by the time that appellants' appeal is heard, appellants have not established that it is likely, rather than just possible, that their appeal would be held to be moot by the Ninth Circuit.

*Fireman's Fund Ins. Co. v. Plant Insulation Co. (In re Plant Insulation Co.)*, 485 B.R. 203 (N.D. Cal. 2012)(internal citations omitted).

As this Court is well-aware Lender failed to seek a stay of the Blendheims' proposed plan to preserve its rights and to ensure it was not irreparably harmed. Lender's failure was the subject of the Blendheim's Motion to Dismiss is appeals. Dockt. No. 30. The Blendheims argued their reliance and that of third parties upon the reorganization plan were factors to consider in determining whether an appellant should be able to review a decision where it previously failed to seek a stay. Lender defended the motion on the very basis that it did not need to seek a stay of the plan confirmation, despite the fact that it heavily contested the Plan's confirmation, and that of prior plans. Dockt. No. 32.

Although Lender asserts now, just a mere months later, that Plan completion presents a circumstance that warrants a stay where it argued plan confirmation did not – Lender was full aware of the express language of the confirmed plan and the effect that confirmation, and the ultimate completion of the plan would have upon it.

Lender's prior argument that it had no obligation to seek a stay of confirmation and its argument that now it is entitled to a stay while it appeals again evidences its strategy

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 5

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

throughout the litigation to offer divergent and inconsistent arguments on appeal in an effort to obtain different results from different courts.[1]

If Lender is able to establish it is now entitled to a stay, where it previously failed to seek one prior to confirmation, the stay should not be granted without first requiring the Lender to provide a significant bond to protect the Blendheims who are now more than 4 years into their plan and a mere months from plan completion while Lender drags them through yet another appeal.

   3.    <u>Whether a Stay Will Substantially Injure Other Interested Parties</u>.

Lender is wholly incorrect that a stay would "cause no substantial harm [to] any other parties." Lender's Motion to Stay, at p. 10, ll. 8-10.

In essence, Lender is requesting that the Blendheims be held in abeyance with regard to plan completion. Such a request has real consequences for the Blendheims and could prove to injure them greatly. A stay would require that their property be tied up for another year, that the Blendheims be prevented from seeking refinancing or the use of their equity to satisfy other financial obligations that may come due, that the Blendheims bear the risk of a decrease in value of their equity due to market factors, and that the Blendheims be forced to run the risk of incurring substantial Homeowner's Association assessments while Lender pursues its next appeal.[2]

Furthermore, the lienholder (previously in second position), will have an effective first position lien upon plan completion – by virtue of the avoidance of the first position lien. A

---

[1] Lender has recently moved the Ninth Circuit for an order to amend the caption, ostensibly seeking to exclude relevant parties (Ocwen and Litton) to the existing judgments. See Case No. 13-35354, Dockt. No. 6-1.

[2] If history is any indicator – the Blendheims were subject to a $35,000 homeowner's assessment prior to the filing of their Bankruptcy, and there is a strong likelihood that the HOA will levy additional homeowner's assessments in the next year.

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 6

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

first position lien, and a completion of the bankruptcy would entitle the lienholder to pursue remedies outside of bankruptcy. This party is not present at the appellate stage to advocate on behalf of itself. Lender does not address the fact that this lienholder will be held in abeyance pending the resolution of the appeal.

In addition, while Lender has addressed adequate protection payments establishing payments to the Homeowner's Association, the remaining payments to be provided to counsel are not subject to adequate protection orders – they are paid only though ongoing plan payments and were subject to plan confirmation, and the further delay of payments already earned and awarded will prejudice Impact Law Group as well.

These risks must be considered when comparing the possibility of irreparable harm to Lender and Lender's unlikelihood of its success on appeal.

If the Lender is entitled to a stay, Lender should be required to post a significant bond that will be sufficient to compensate the Blendheims and other parties for any losses they incur during the pendency of Lender's ongoing appeal and/or should District Court be affirmed by the Court of Appeals.

4. <u>Serious Questions Affecting the Public Interest</u>.

"The public interest inquiry primarily addresses impact on non-parties rather than parties." *Sammartano v. First Judicial Dist. Ct.,* 303 F.3d 959, 974 (9th Cir. 2002). The particular set of facts on which this case stems come from a peculiar set of events set in place by the Lender's appearance in the bankruptcy, its seeking of affirmative collection and then failing to address challenges to its proof of claim. These particular facts are not likely to be analogous to many other cases, and thus should not have far reaching consequences for the public interest.

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING LENDER TO FILE BOND OR OTHER SECURITY - 7

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

What issues of public policy do exist, however, weigh against entitling the Lender who failed to seek a stay of the plan confirmation to now seek a stay of plan completion after it has lost its first round of appeals. The Lender has had a chance to appeal, and subsequently lost. Now, it is attempting to stay the confirmed plan of Chapter 13 debtors who have committed in good faith to the Plan's terms, a Plan that effects and does benefit third parties, while Lender seeks yet another go at it.

In any case, the Blendheims should not be forced to bear the brunt of Lender's repeated attempts to obtain a different result. If the stay is granted, the Lender should be required to post a bond to provide for the damage that the Blendheims and other parties could suffer as a result of the Blendheim's inability to use their collateral.

**B.    Lender Should be Required to Post a Supersedeas Bond to Offset Damages Caused During the Pendency of Lender's Appeal.**

FED. R. BANK. P. 8017, provides "[a] bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security may be required if a trustee obtains a stay …" Under Civil Rule 62, an appellant judgment debtor complaining of a bankruptcy court's order may obtain a stay of execution on the judgment by posting a supersedeas bond. *See* FED. R. CIV. P. 62. The purpose of a supersedeas bond is to preserve the status quo while protecting the nonappealing party's rights pending appeal. *Umbrella Bank v. Jamison*, 341 B.R. 835 (W.D. Tex. 2006). Civil Rule 62(d) embodies a policy determination by insuring the appellee against the risk that the appellant would be unwilling or unable to pay judgment if ultimately affirmed. *Id.*

In *In re Wymer*, the Ninth Circuit B.A.P. addressed the issue of the amount of security that an appellant is required to post in a nondiscretionary, matter-of right stay which "requires a bond in sufficient amount to cover the unsatisfied judgment, costs on appeal, interest and damages for delay…" although the Court has discretion to fix a different amount if cause is

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 8

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

shown. *In re Wymer*, 5 B.R. 802, 805 (B.A.P. 9th Cir. 1980). In the context of a non-monetary judgment, delay-related losses such as deterioration of collateral may also be considered. *In re Gleasman*, 111 B.R. 595, 603-04 (W.D. Tex. 1990) (requiring bond to protect lienholder from any diminution of value during pendency of appeal, and applying interest in recognition that during appeal Appellee is barred from selling property or realizing on collateral). The Blendheims are entitled to a bond sufficient to protect the unsatisfied judgment (the equity), their costs on appeal, and interest and damages for delay in addition to delay-related losses.

Under these circumstances, if the Court finds that a stay is warranted the Blendheims request that the Lender be required to post a bond as a condition to the grant of the stay. The Blendheims would seek a bond in a minimum amount of $679,247 dollars pending the stay based upon the following:

- $419,498 lien Lender is seeking to reinvigorate (based upon filed Proof of Claim)
- Multiplier of 1.5 of $419,498 to cover fees, costs and interests on multiple appeals: $419,498 + 209,749 = $629,247
- Plus an additional $50,000 to cover any decrease in value of property, or homeowner's assessments levied against the Blendheims during the pendency of Lender's appeal.

### III.     CONCLUSION

For the foregoing reasons, the Blendheims respectfully request that the Court deny Lender's motion seeking a stay. Alternatively, if the Court concludes that the Lender is entitled to a stay, the Blendheims request that the stay be limited to applying solely to

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR
STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING
LENDER TO FILE BOND OR OTHER SECURITY - 9

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

completion of the confirmed Chapter 13 Plan, and that the granting of the stay be conditioned upon the Lender's posting of a bond in the amount of $679,247.

Dated this 10th day of June, 2013.

Presented by:

IMPACT LAW GROUP PLLC

By: _/s/ Taryn M. Darling Hill_
By: _/s/ David F. Betz_
Taryn M. Darling Hill, WSBA #38276
David F. Betz, WSBA #28518
Attorneys for Debtors/ Appellees

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING LENDER TO FILE BOND OR OTHER SECURITY - 10

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of June, 2013, the document attached hereto was presented to the Clerk of Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of Court will send e-mail notification of such filing to the following persons:

K. Michael Fitzgerald mfitz@seattlech13.com, kmfitzgerald@seattlech13.com

Dillon E Jackson jackd@foster.com, burrc@foster.com

Christopher Mark Alston alstc@foster.com, ristj@foster.com

Mark Bruce Moburg mark@moburglaw.com, markmoburg@mindspring.com

Jennifer L Aspaas jaspaas@rcflegal.com

Antoinette Marie Davis tonie@daviskhan.com, incoming@daviskhan.com

Jason Wilson-Aguilar jwilson.aguilar@seattlech13.com

Charles Elliot Katz ckatz@rcolegal.com, aorr@rcolegal.com, chuckkatz@yahoo.com, ecflit@rcolegal.com, kstephan@rcolegal.com

Michelle R. Riel mriel@rcolegal.com, MichRiel@gmail.com, tkwong@rcolegal.com

Bankruptcy Appeals (SEA) ECFHelp_Seattle@wawb.uscourts.gov

DATED this 10th day of June, 2013.

                                       */s/ Kelly Shenefield*
                                         Kelly Shenefield

DEBTORS' (1) OPPOSITION TO LENDER'S MOTION FOR STAY PENDING APPEAL OR (2) FOR ORDER REQUIRING LENDER TO FILE BOND OR OTHER SECURITY - 11

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX